UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IBRAHIM TAWADROS d/b/a
Lowell House of Pizza,

    Plaintiff

v.

ELEANOR STOUT d/b/a
Original George's Pizza,

    Defendant

COMPLAINT & REQUEST
FOR INJUNCTIVE RELIEF

(JURY TRIAL DEMANDED)

## INTRODUCTION

This is an action for Trademark Infringement, False Endorsement and False Association, and Unfair Competition, pursuant to the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), Common Law Trademark Infringement, Intentional Interference with Advantageous Business Relations, and Unfair and Deceptive Trade Acts and Practices pursuant to M.G.L. ch. 93A.

## PARTIES

1. The Plaintiff, Ibrahim Tawadros d/b/a Lowell House of Pizza ("LHP" or the "Plaintiff"), is an individual with an address of 84 Cashin Street, Lowell, Middlesex County, Massachusetts. The Plaintiff owns and operates "Lowell House of Pizza" which is located at 283 School Street in Lowell, Massachusetts.

2. The Defendant, Eleanor Stout d/b/a The Original George's Pizza ("OGP" or the "Defendant"), is an individual with a last and usual known address of 6 Technology Drive, North Chelmsford, Middlesex County, Massachusetts. The Defendant owns and operates "The Original George's Pizza" which is located at 1484 Gorham Street, Lowell,

Gallant & Ervin, LLC
One Olde North Rd.,
Suite 103
Chelmsford
MA 01824

Massachusetts.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1338, 28 U.S.C. § 1331, and 28 U.S.C. § 1332. The Court also has supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b).

## FACTS COMMON TO ALL COUNTS

5. The trade name and trademark "George's Pizza and/or George's" (the "mark") has been famous and identified by consumers as the source of a popular type of pizza in the Lowell, Massachusetts area since as early as 1948.

6. The mark was initially created and used by George Furtado in 1948 when he opened "George's Pizza" on Broadway Street, in Lowell, Massachusetts.

7. From 1948 through 1993, the Furtado family ran the "George's Pizza" business and continued to use the mark without interruption.

8. As the decades passed, the consuming public continued to become more familiar with the mark and, upon seeing the mark today, consumers identify the Plaintiff as the source of the popular pizza once made by the Furtado family. Consumers from Massachusetts, New Hampshire, and Maine are all familiar with the mark and identify the Plaintiff as the exclusive source of this popular type of pizza.

9. In 1993, the Furtado family sold the mark and associated good will of "George's Pizza" to Richard Beaulieau.

10. On October 28, 2003, the Plaintiff purchased the mark and the associated good

will of "George's Pizza" from Richard Beaulieu pursuant to an Asset Purchase Agreement (the "APA").

11. The APA specifically provided that the Plaintiff was purchasing the right to use the name "George's Pizza" and all of the goodwill associated therewith. The APA further provided that the Plaintiff was purchasing the original phone number that was used by the Furtado family at the first "George's Pizza."

12. Subsequent to the Plaintiff's purchase of the mark and good will under the APA, he continued (and still continues) to use the mark in connection with his marketing, preparation, sale, and delivery of the decades-old popular pizza.

13. Specifically, the Plaintiff's main signage reads "George's At Lowell House of Pizza." Moreover, the heading of the pizza section of the Plaintiff's menu reads "George's." In addition, the Plaintiff's printed menu reads: "GEORGE'S at Lowell House of Pizza with George's in large type at the top mast of the menu. Further, the Plaintiff's advertises in the Yellow Pages under "Lowell House of Pizza: Serving George's Style Pizza." (True and accurate copies of the signage, menu, and advertisement are collectively attached hereto as Exhibit "1" and are incorporated herein by reference).

14. The Plaintiff also advertises "George's Style Pizzas" on his website, http://lowellhouseofpizza.com/index.htm. (A true and accurate copy of the Plaintiff's main website page is attached hereto as Exhibit "2" and is incorporated herein by reference).

15. The original telephone number that was used by the Furtado family rings at the Lowell House of Pizza and the Plaintiff and his staff answer the telephone as "George's

Gallant & Ervin, LLC
One Olde North Rd.,
Suite 103
Chelmsford
MA 01824

3

Pizza."

16. The Plaintiff has continued to use the mark in an uninterrupted fashion for over eight (8) years and the consuming public continues to associate and identify the Plaintiff as the source of the popular pizza upon seeing the mark.

17. As a result of his continued use of the mark, the Plaintiff has acquired the sole and exclusive common law and statutory rights to use the mark in connection with the marketing, preparation, sale, and delivery of pizza.

18. On or about April 13, 2010, the Defendant opened "The Original George's Pizza" on 1484 Gorham Street in Lowell, Massachusetts. (A true and accurate copy of the sign for the Defendant's Restaurant Location and Yellow Pages listing are collectively annexed hereto as Exhibit "3").

19. The Defendant is the daughter of the original owner of "George's Pizza," George Furtado.

20. Despite having only opened in April 2010, and despite the Furtado Family's sale of the mark to Beaulieau and Beaulieau's subsequent sale of the mark to the Plaintiff, the Defendant advertises that "George's Original Pizza was founded in Lowell in 1948." (A true and accurate copy of OGP's menu is attached hereto as "Exhibit 4" and is incorporated herein by reference).

21. Further, the Defendant's menu boasts that OGP has been "[s]erving the Lowell area since 1948." (See Exhibit "4").

22. The Defendant has never sought or obtained a license or permission from the Plaintiff to utilize or feature the mark in connection with the marketing, preparation, sale, and delivery of pizza.

Gallant &
Ervin, LLC
One Olde
North Rd.,
Suite 103
Chelmsford
MA 01824

23. The Defendant's use of the mark in connection with her marketing, preparation, sale, and delivery of pizza is causing consumers to be confused as to the origin and source of the Defendant's pizza.

24. Consumer confusion is evidenced by the fact that the Plaintiff has received telephone calls and inquiries from customers inquiring as to whether OGP is affiliated with, associated with or sponsored by LHP.

25. The confusion caused by the Defendant's infringing use of the mark is especially prevalent given that the Defendant sells the same products as the Plaintiff (pizza).

26. The confusion caused by the Defendant's infringing use of the mark is also especially prevalent given the geographic proximity as the Defendant sells pizzas in the same city within which the Plaintiff is located (Lowell), and the locations are located within 2.4 miles of each other. (See MapQuest printout attached hereto as Exhibit "5").

27. As such, the Defendant is unlawfully using the mark in connection with the marketing and sale of pizzas in the identical marketplace and locale where the Plaintiff's pizzas are marketed and sold, increasing the likelihood and presence of consumer confusion.

28. The Defendant also features the mark on her website, www.originalgeorgespizza.com. (A true and accurate copy of the Defendant's main website page is attached hereto as "Exhibit 6" and is incorporated herein by reference).

29. The Defendant's use of the mark on her website is further likely to mislead consumers to mistakenly believe that there is an affiliation, sponsorship, endorsement, and/or association between LHP and OGP, when there is none.

30. On or about January 19, 2012, the Plaintiff's counsel forwarded correspondence to

Gallant & Ervin, LLC
One Olde North Rd.,
Suite 103
Chelmsford
MA 01824

the Defendant demanding that, <u>inter alia</u>, she immediately cease use of the mark.

31. In direct contravention of law and the Plaintiff's cease and desist communication, the Defendant has continued to use the mark in connection with the marketing, preparation, and sale of pizza without a license and has failed or refused to cease use of the mark.

32. The Defendant's unlawful use of the mark creates a likelihood of confusion as to origin of the goods and otherwise infringes upon LHP's common law and statutory trademark rights.

## COUNT I
(Trademark Infringement- 15 U.S.C. § 1114)

33. The Plaintiff repeats and re-alleges each and every allegation contained in paragraphs one (1) through thirty-two (32) and incorporates each herein by reference.

34. The Plaintiff has used and has continued to use, without interruption, the mark on goods in commerce, specifically pizzas and marketing materials for pizzas.

35. By virtue of its continued use of the mark, the Plaintiff has acquired the sole and exclusive right to use said mark on goods including, but not limited to, pizzas and marketing materials for pizzas. As a result of its marketing and selling pizza under the mark, Plaintiff has gained recognition and good will in its trade name "George's" and also its use of the mark George's for use with its pizza products.

36. Without the consent of the Plaintiff, the Defendant is actively using the mark in connection with the sale, offering for sale, advertising for sale, and delivery of pizzas in a manner that is confusingly similar to the Plaintiff's use of the mark.

37. The Defendant is using the mark in the exact marketplace where the Plaintiff does

business and is using the mark in connection with her sale of the exact type of goods that the Plaintiff sells.

38. The Defendant's use in commerce of the mark constitutes a reproduction, copying, counterfeiting, and/or colorable imitation of the Plaintiff's trademark rights in a manner that is likely to cause confusion or mistake and/or is likely to deceive consumers as to the origin or source of the Defendant's goods.

39. As the direct and proximate result of the Defendant's infringement, the Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to his business, reputation, and good will.

### COUNT II
(Unfair Competition- 15 U.S.C. 1125(a))

40. The Plaintiff repeats and re-alleges each and every allegation contained in paragraphs one (1) through thirty nine (39) and incorporates each herein by reference.

41. The Plaintiff's mark has become uniquely associated with and has identified the Plaintiff as the source of pizzas sold under the mark.

42. The Defendant's use of the mark in connection with her preparation and sale of pizzas is a false designation of origin which tends to falsely represent that the Defendant's pizzas are supplied by, sponsored by or are affiliated with the Plaintiff.

43. The Defendant's actions have been willful and deliberate and done with the full knowledge of the Plaintiff's superior right in the mark and prior use of the mark and trade name and the Plaintiff's rights therein.

44. As a result of Defendant's actions, purchasers are likely to be confused as to the source of the Defendant's pizzas and/or the nature of the sponsorship by or affiliation of

Gallant &
Ervin, LLC
One Olde
North Rd.,
Suite 103
Chelmsford
MA 01824

Defendant's pizzas with Plaintiff and Plaintiff is incurring damages by others purchasing Defendant's pizzas instead of purchasing Plaintiff's pizzas.

45. The Plaintiff has no adequate remedy at law and is suffering and will continue to suffer irreparable harm and damages as a result of the Defendant's acts, unless the Defendant is enjoined and restrained from using the mark.

## COUNT III
(False Endorsement/False Association- 15 U.S.C. 1125(a))

46. The Plaintiff repeats and re-alleges each and every allegation contained in paragraphs one (1) through forty five (45) and incorporates each herein by reference.

47. The Plaintiff's mark has become uniquely associated with and has identified the Plaintiff as the source of pizzas sold under the mark.

48. The Defendant's use of the mark in connection with her advertising, preparation, and sale of pizzas is likely to mislead consumers to believe that there is an affiliation, sponsorship, endorsement, and/or association between LHP and OGP, when there is none.

49. The Plaintiff has no adequate remedy at law and is suffering and will continue to suffer irreparable harm and damages as a result of the Defendant's acts, unless Defendant is enjoined and restrained from using the mark.

## COUNT IV
(Common Law Trade Mark Infringement)

50. The Plaintiff repeats and re-alleges each and every allegation contained in paragraphs one (1) through forty nine (49) and incorporates each herein by reference.

51. The Plaintiff's use of the mark has been sufficiently extensive so that members of the public, on seeing the Defendant's use of the mark in connection with the marketing,

Gallant & Ervin, LLC
One Olde North Rd.,
Suite 103
Chelmsford
MA 01824

preparation, and sale of pizzas, are actually being deceived or confused and others will likely be deceived or confused and believe that Defendant's pizzas have their origins with Plaintiff or are sponsored by or affiliated with Plaintiff.

52.     The Plaintiff has no adequate remedy at law and is suffering, and will continue to suffer irreparable harm and damages as a result of the Defendant's acts, unless the Defendant is enjoined and restrained from using the mark.

53.     The wrongful acts of the Defendant set forth above have caused the Plaintiff to suffer and will continue to cause the Plaintiff to suffer damages in an amount to be determined by the Trier of fact.

**COUNT V**
(Intentional Interference with Advantageous Business Relations)

54.     The Plaintiff repeats and re-alleges each and every allegation contained in paragraphs one (1) through fifty three (53) and incorporates each herein by reference.

55.     The Plaintiff has business relationships with his customers and the consuming public from which he derives economic benefits relative to his use of the mark in connection with his marketing, preparation, sale, and delivery of pizzas.

56.     The Defendant is aware of the Plaintiff's business relationships that he maintains and the economic benefits he derives there from as a result of his use of the mark in connection with his marketing, preparation, sale, and delivery of pizzas.

57.     The Defendant has intentionally, willfully, and/or maliciously interfered with the Plaintiff's business relationships by using the mark in connection with her marketing, preparation, sale and delivery of pizzas in order to cause confusion as to the source of the Defendant's pizzas and to mislead consumers to believe that there is an affiliation, sponsorship, endorsement, and/or association between LHP and OGP, when there is

Gallant & Ervin, LLC
One Olde North Rd., Suite 103
Chelmsford MA 01824

none.

58. As the direct and proximate result of the Defendant's interference with the Plaintiff's business relationships, the Plaintiff has suffered and will continue to suffer damages.

### COUNT VI
(Unfair and Deceptive Trade Acts and Practices- M.G.L. ch. 93A, § 11)

59. The Plaintiff repeats and re-alleges each and every allegation contained in paragraphs one (1) through fifty eight (58) and incorporates each herein by reference.

60. At all relevant times hereto, and at all times material to this action, the Defendant was engaged in trade or commerce in the Commonwealth of Massachusetts.

61. The Defendant's conduct as set forth above, including but not limited to, using the mark in connection with the marketing, preparation, sale, and delivery of pizzas, causing consumer confusion, and misleading consumers to believing that there is an affiliation, sponsorship, endorsement, and/or association between LHP and OGP, when there is none, constituted unfair and/or deceptive acts and practices in trade, commerce, or business.

62. The Defendant's unfair and/or deceptive acts or practices were willfully and knowingly in violation of ch. 93A and were made in bad faith with knowledge or reason to know that the acts or practices complained of violated ch. 93A.

63. As the direct and proximate result of the Defendant's unfair and deceptive acts or practices, the Plaintiff has suffered and will continue to suffer damages.

### PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff demands relief as follows:

Gallant & Ervin, LLC
One Olde North Rd.,
Suite 103
Chelmsford
MA 01824

A. That after a hearing on the merits the Court issue an order permanently enjoining the Defendant from utilizing the mark and from advertising, marketing, distributing and selling and/or in any manner utilizing the mark on any pizza products or goods and enjoin the Defendant from any other actions of infringement of the Plaintiff's rights;

B. Under Count I that the Court determine and declare that:

    1) the Defendant's use of the mark is a reproduction, copying, counterfeiting, and/or colorable imitation of the Plaintiff's trademark rights;

    2) the Defendant's use of the mark is likely to cause confusion or mistake and/or is likely to deceive consumers as to the origin or source of the Defendant's goods; and

    3) the Defendant willfully and deliberately infringed the Plaintiff's trademarks

C. Under Count II that the Court determine and declare that:

    1) the Defendant willfully and deliberately engaged in unfair competition by using the mark so as to infringe upon the Plaintiff's rights;

    2) the use by the Defendant was a false designation of origin which tended to falsely represent that the Defendant's goods were supplied by, sponsored by or were affiliated with the Plaintiff;

D. Under Count II that the Court determine and declare that the Defendant illegally misappropriated and engaged in unfair competition and falsely misled the public by using the mark in advertisements, menus, websites,

Gallant & Ervin, LLC
One Olde North Rd., Suite 103
Chelmsford MA 01824

and other medium related to the promotion and sale of the Defendant's goods;

E. Under Count III that the Court determine and declare that the Defendant's use of the mark in connection with the marketing, preparation, sale, and delivery of pizza is likely to mislead consumers to believe that there is an affiliation, sponsorship, endorsement, and/or association between the Plaintiff and the Defendant in relation to their goods;

F. Under Count IV that the Court determine and declare that the Defendant's use of the mark in connection with marketing, preparation, sale, and delivery of pizzas was unauthorized and was so similar so as to cause confusion as to the source and origin of the Defendant's pizzas and damaged the Plaintiff's goodwill and business reputation;

G. Under Count V that the Court determine and declare that the Defendant's use of the mark in connection with the marketing, preparation, sale, and delivery of pizzas intentionally and unlawfully interferes with the Plaintiff's business relationships;

H. Under Count VI that the Court determine and declare that the Defendant has engaged in unfair and deceptive acts or practices in violation General Laws Chapter 93A;

I. That Judgment issue against the Defendant under Counts I, II, III, and IV, V in an amount to be determined by the Trier of fact, together with interest and costs;

Gallant & Ervin, LLC
One Olde North Rd., Suite 103
Chelmsford MA 01824

J. That Judgment issue against the Defendant under Count VI in an amount up to two times or three times the Plaintiff's actual damages;

K. That Plaintiff be awarded damages for the injury to the Plaintiff's reputation, good will and false designation of origin, and false association and false endorsement in an amount up to three times the actual damage and/or profit of the Defendant together with attorney's fees and costs of this action pursuant to 15 U.S.C. § 1117;

L. That the Plaintiff be awarded its reasonable attorney's fees and costs as provided by the statute.

M. That the Plaintiff be awarded Defendant's profits from its unlawful acts and that an accounting be rendered of such profit.

N. That the Plaintiff be awarded such other and further relief as this Court deems just and equitable.

Respectfully submitted,
Ibrahim Tawadros d/b/a
Lowell House of Pizza,
By His attorneys,

TIMOTHY J. ERVIN, BBO# 567042
SCOTT D. CARMAN, BBO# 672469
GALLANT & ERVIN, LLC.
One Olde North Road, Suite # 103
Chelmsford, MA  01824
(978) 256-6041

Date: 2-1-12